STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-16-256

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

   Plaintiff

  v.

FIRST FINANCIAL MORTGAGE
CORP.,

   Defendant

  and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as
nominee for FIRST FINANCIAL
MORTGAGE CORP.; MICHELLE L.
INGRISANO; ROLAND R.
INGRISANO; CAVALRY
INVESTMENTS, LLC; CACH, INC.;
MIDLAND FUNDING, LLC;
ADVANTAGE ASSETS II, INC.; and
MAINE REVENUE SERVICES,

   Parties-In-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Plaintiff–John Doonan, Esq.
PII Michelle Ingrisano–Frank D'Alessandro, Esq.

JUDGMENT

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 23 2018  11:22AM

RECEIVED

Before the Court is Plaintiff's complaint for declaratory judgment in which Plaintiff requests a declaration that it is the owner of the subject mortgage. Only Party-In-Interest Michelle L. Ingrisano has entered an appearance in this case. Plaintiff and Michelle Ingrisano appeared for trial on October 24, 2017, and the parties agreed to submit this case for consideration on a stipulated record and trial briefs. Having considered the materials submitted by the parties, the Court denies Plaintiff's complaint for entry of declaratory judgment for the following reasons.

I. Background

On November 7, 2006, Roland and Michelle Ingrisano executed and delivered to Defendant First Financial Mortgage Corp. a note in the amount of $200,200.00. (Trial Ex. A.) Following a series of endorsements, Plaintiff is the current holder of the note. (*Id.*) The note was secured by a mortgage on real property located at 32 Robinson Street, South Portland, Maine 04106, which mortgage deed is recorded in the Cumberland County Registry of Deeds in Book 24565, Page 180. (Trial Ex. B.) The mortgage names Defendant as the Lender and designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee of the Lender for purposes of recording the mortgage. (*Id.*) On July 25, 2013, MERS purported to assign the mortgage to Nationstar Mortgage, LLC ("Nationstar"). (Trial Ex. C.) On April 11, 2017, Nationstar assigned the mortgage to Plaintiff. (Trial Ex. D.)

II. Discussion

In 2014, the Law Court held that MERS, as nominee for a lender, had no right to assign a mortgage on behalf of that lender. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 14-17, 96 A.3d 700. This decision left MERS' purported assignees unable to prove a sufficient ownership interest in the mortgage to have standing to foreclose. *See id.* ¶ 22 n. 13 ("Standing requires that the plaintiff have a minimal legal interest in both the note and mortgage to seek a foreclosure, including ownership of the mortgage."). Presumably in an attempt to resolve a similar standing problem in advance of filing an action for foreclosure, Plaintiff filed this action for declaratory judgment against Defendant.

However, declaratory judgment cannot be granted in this case for a number of reasons. Initially, the Court questions whether entry of a declaratory judgment is appropriate without an underlying cause of action. The Declaratory Judgment Act "does not create a new cause of action; its purpose is to provide a more adequate and flexible remedy in cases where jurisdiction already

exists." *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980) (citations omitted); *see also Thompson v. Glidden*, 445 A.2d 676, 679 (Me. 1982). Because a declaratory judgment is merely a remedy, and not a cause of action in and of itself, there is no cause of action in this case on which the Court can grant relief.

Additionally, even if declaratory judgment is a proper vehicle, courts can only decide cases in which there is a real and substantial, justiciable controversy. *Homeward Residential, Inc. v. Gregor,* 2015 ME 108, ¶ 16, 122 A.3d 947. The Declaratory Judgments Act empowers the court to declare rights, status and other legal relations when doing so will terminate the controversy or remove an uncertainty. 14 M.R.S. §§ 5953, 5957. Here, there is no evidence that an actual controversy exists. Although Michelle Ingrisano has appeared and opposed this action, the only named defendant has not answered or otherwise appeared. Further, there is no evidence that Defendant owns the mortgage or that Plaintiff has unsuccessfully demanded that Defendant assign its interest in the mortgage to Plaintiff. Accordingly, in the absence of an actual controversy, at least as to the named defendant, the Court may refuse to enter a declaratory judgment. *See Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *4 (Mar. 1, 2016). Moreover, a declaratory judgment as to whether Plaintiff owns the mortgage would not necessarily remove any uncertainty as to ownership. If the Court were to determine that Plaintiff does not own the mortgage, Defendant and Nationstar would remain free to litigate ownership of the mortgage. *See id.* at *3-4.

It also appears that all necessary parties have not been properly joined in this action. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963. A declaratory judgment in this case might also be a

declaration as to the rights of Nationstar, which is not a party.[1] *See id.*; *Fannie Mae,* 2016 Me. Super. LEXIS 141, at *2-3 (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, *Maine Civil Remedies* § 3-3(d)(2) at 50 (4th ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties.").

Finally, courts in Maine have been hesitant to accept the argument that a plaintiff can overcome a MERS defect on the basis that a note holder has an equitable interest in the mortgage, as the Law Court has not yet ruled on the propriety of this approach to resolve a *Greenleaf* problem. *See U.S. Bank, N.A. v. First Magnus Fin. Corp.,* 2017 Me. Super. LEXIS 131, at *2 (May 24, 2017); *Bank of N.Y. Mellon v. First Magnus Fin. Corp.,* 2016 Me. Super. LEXIS 132, at *3-5 (July 5, 2016). This is an issue to be resolved by the Law Court, and this Court will not grant a declaratory judgment in Plaintiff's favor on this basis.

III. Conclusion

For the foregoing reasons, Plaintiff's complaint for entry of declaratory judgment is DENIED. The Clerk is directed to incorporate this Judgment into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___1/23/18___

_____
Lance E. Walker, Justice
Maine Superior Court

---

[1] Nationstar was the original plaintiff in this case, but Federal National Mortgage Association was substituted as plaintiff when it received an assignment of the mortgage from Nationstar. Nationstar is no longer a party to this action in any capacity.